# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO JESUS DELGADO-GARAY (A No. 220-725-316),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, et al.,<br><br>Respondents. | Case No. 1:26-cv-03515-JLT-FJS<br><br>ORDER GRANTING IN PART THE PETITION FOR HABEAS CORPUS; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING<br><br>(Doc. 1) |

## I.    INTRODUCTION

Before the Court is Alejandro Jesus Delgado-Garay's petition for writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS IN PART** the petition (Doc. 1).

## II.    LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the

power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### III.    FACTUAL BACKGROUND

Petitioner is citizen of Cuba who entered the United States on or around January 18, 2022, where he was encountered by U.S. Border Patrol and released into the interior of the country.[1] (*See* Doc. 7-1 at 2.) At that time, Border Patrol issued a Notice to Appear charging Petitioner as removable under INA § 212(a)(6)(A)(i). (*Id*.) Petitioner has a pending application for adjustment of status, pending application for work authorization, and is not currently subject to a final order of removal.[2] (Doc. 6 at 1–3.) Petitioner has accrued multiple criminal charges over the past few years, which remain pending. (*See* Doc. 7-2 at 2–3; Doc. 7-3 at 5–6.) Specifically, on August 12, 2024, and again on October 9, 2024, Petitioner was arrested and charged with driving under the influence. (Doc. 7-3 at 5.) More recently, on March 6, 2026, Petitioner was arrested and charged with driving with a permanently revoked driver's license and for another DUI. (*Id*. at 6.) After his recent arrest by local police on March 6, 2026, Petitioner was transferred to ICE custody. (*See* Doc. 7-2 at 2.) Petitioner is detained at California City Immigration Processing Center. (Doc. 1 at 1.)

### IV.    DISCUSSION

The government filed an opposition to the habeas petition, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2).

---

[1] Though Petitioner does not explicitly state that he was encountered upon entry into the U.S. and released on his own recognizance, the I-213 and attached Notice to Appear indicate that Petitioner was charged as removable the same day of entry into the United States, (*see* Doc. 7-1 at 2; Doc. 7-2 at 2), which typically means he was encountered at the border. Further, Respondents acknowledge in their opposition that the agency made a "previous determination to grant release." (Doc. 7 at 3.) Accordingly, the Court concludes that Petitioner was released on his own recognizance into the interior of the country on or around January 18, 2022.

[2] Upon entering Petitioner's A-Number into EOIR's website, the automated case information indicates that Petitioner's immigration case was opened January 31, 2022, is currently pending, and has an upcoming hearing scheduled for June 25, 2026. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited June 16, 2026).

(Doc. 7 at 1–3.) Respondents offer little to rebut Petitioner's due process claim and make no effort to distinguish this current case from the numerous cases issued by the undersigned, finding this legal position to be incorrect and the detention unlawful. *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

However, Respondents further argue that Petitioner's recent encounter with law enforcement terminated his previous period of release. (*See* Doc. 7 at 3.) Though the charges for DUI and driving with a revoked license remain pending, the Court finds that considering the recent DUI charge, the appropriate remedy here is a bond hearing where the government bears the burden of proving that Petitioner now poses a danger to the community or flight risk.

For the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED IN PART**;

2. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondents fail to provide a timely bond hearing in

accordance with this order, Respondents are ordered to immediately release Petitioner.

3.      At least 72 hours before the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

4.      The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:   **June 17, 2026**

UNITED STATES DISTRICT JUDGE